## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

---

LOUIS A. MANDARINI, III, as he is EXECUTIVE
DIRECTOR, MASSACHUSETTS LABORERS' HEALTH
AND WELFARE FUND, MASSACHUSETTS LABORERS'
PENSION FUND and MASSACHUSETTS LABORERS'
ANNUITY FUND; JAMES V. MERLONI, JR., as he is
ADMINISTRATOR, NEW ENGLAND LABORERS'
TRAINING TRUST FUND; and JOSEPH BONFIGLIO, as he
is TRUSTEE, MASSACHUSETTS LABORERS' LEGAL
SERVICES FUND,

         Plaintiffs,

       vs.

F.C. CONSTRUCTION CORPORATION,
         Defendant.

C.A. No.

---

## VERIFIED COMPLAINT

## NATURE OF ACTION

1.     This is an action brought pursuant to §§502 and 515 of the Employee Retirement

Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and

1145 and §301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C.

§185, by employee benefit plans to enforce the obligations to make contributions and pay

interest due to the plans under the terms of a collective bargaining agreement and the plans.

2.     The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f)

of ERISA, 29 U.S.C. §§1132(a), (e) and (f), and concurrent jurisdiction pursuant to §301 of the

LMRA, as amended, 29 U.S.C. §185, without respect to the amount in controversy or the

citizenship of the parties.

## PARTIES

3.      Plaintiff Louis A. Mandarini, III is the Executive Director of the Massachusetts Laborers' Health and Welfare Fund.  The Massachusetts Laborers' Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3). It provides health, dental and prescription benefits and life insurance, accident insurance, and accident and sickness benefits to participants.  The Fund is administered at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

4.      Plaintiff Louis A. Mandarini, III is also the Executive Director of the Massachusetts Laborers' Pension Fund.  The Massachusetts Laborers' Pension Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A).  It provides participants with a defined pension benefit.  The Fund is administered at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

5.      Plaintiff Louis A. Mandarini, III is also the Executive Director of the Massachusetts Laborers' Annuity Fund.  The Massachusetts Laborers' Annuity Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A).  This Fund is a defined contribution fund.  The Fund is administered at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

6.      Plaintiff James V. Merloni, Jr. is the Administrator of the New England Laborers' Training Trust Fund.  The New England Laborers' Training Trust Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1).  This Fund trains apprentices and journey workers in the construction industry.  The Fund is administered at 37 East Street, Hopkinton, Massachusetts, within this judicial district.

7.      Plaintiff Joseph Bonfiglio is a Trustee of the Massachusetts Laborers' Legal Services Fund.  The Massachusetts Laborers' Legal Services Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1).  The Fund is administered at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

8.      The Health and Welfare, Pension, Annuity, Training and Legal Services Funds are multi-employer plans within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37).  They are hereinafter collectively referred to as "the Funds."  The Funds are third party beneficiaries of the collective bargaining agreement between Defendant F.C. Construction Corporation ("F.C.") and the Massachusetts & Northern New England Laborers' District Council ("Union").

9.      Defendant F.C. is a Massachusetts corporation with a principal place of business at 133 State Road, Westport, Massachusetts, and is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12) and within the meaning of §301 of the LMRA, 29 U.S.C. §185.

## GENERAL ALLEGATIONS OF FACT

10.     On or about August 5, 2008, F.C. signed a Memorandum of Agreement, in which it agreed in writing to be bound to the terms of collective bargaining agreements entered into by, respectively, the Rhode Island Laborers' District Council, the Massachusetts Laborers' District Council and the Connecticut Laborers' District Council (collectively, "the District Councils") on behalf of their local unions, and various contractors and construction associations throughout the District Councils' territorial jurisdiction.  A copy of that Memorandum of Agreement ("MOA") is attached hereto as Exhibit A.

11.     Pursuant to its having signed the MOA, F.C. became bound not only to the terms of the Building and Site Agreement between the Union and Associated General Contractors of

Massachusetts, Inc. and Building Trades Employers' Association of Boston and Eastern Massachusetts, Inc. (hereinafter the "CBA"), but also the Building and Site Agreement between the Union and Construction Industry of Western Massachusetts, Inc. and the Agreement between the Union and General Contractors' Association of Pittsfield, Massachusetts.  All the agreements' terms that are relevant to this case are materially the same as those contained in the CBA.  A copy of the relevant pages of the 2016 - 2020 CBA is attached hereto as Exhibit B.

12.     The CBA requires employers to make contributions to each of the Plaintiff Funds for each hour worked by covered employees at rates prescribed therein.  See Ex. B, pp. 25-30, 49.

13.     The CBA also requires employers to remit contributions to the New England Laborers' Health and Safety Fund, the New England Laborers' Labor-Management Cooperation Trust Fund, the Massachusetts Construction Advancement Program and the Massachusetts Laborers' Unified Trust for each hour worked by covered employees at prescribed rates. Further, it specifies that dues and contributions to the Laborers' Political League ("LPL") shall be deducted from the pay of each employee and forwarded to the Funds.  Id. at 21-22, 26-27, 31-33.  The Funds and the Union have an agreement which allows the Funds to collect the dues on behalf of the Union.

14.     All employers that are delinquent in the payment of contributions are charged interest on the delinquency at the rate of 10 percent per annum, liquidated damages in the amount of 20 percent of the delinquency, and reasonable attorneys' fees and costs to collect the delinquency.  See Ex. B, pp. 34-35.

15.     Signatory contractors such as F.C. are obligated to submit remittance reports on a monthly basis, on which they list the hours worked by their employees and calculate the amount

of contributions due the Funds for all work performed by their employees in a given month.

They are also required to submit to periodic audits of their payroll related records.

16.     F.C. has failed to submit contributions and reports in a timely manner for the

months of November and December 2017.  On information and belief, F.C. employed laborers

for work covered by the CBA during these months.

17.     In addition, F.C. owes $5,060.27 in interest on payments that were previously

paid late.

## COUNT I - VIOLATION OF ERISA - DELINQUENT CONTRIBUTIONS

18.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1

through 17 above.

19.     The failure of F.C. to make payment of all contributions owed to Plaintiff Funds

on behalf of all covered employees violates §515 of ERISA, 29 U.S.C. §1145.

20.     Absent an order from this Court, F.C. will continue to ignore its obligations to

remit the contributions it owes to the Funds.

21.     A copy of this Complaint is being served upon the Secretary of Labor and the

Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C.

§1132(h).

## COUNT II - VIOLATION OF COLLECTIVE BARGAINING AGREEMENT - DELINQUENT CONTRIBUTIONS, INTEREST, AND DUES

22.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1

through 21 above.

23.     The CBA is a contract within the meaning of §301 of the LMRA, 29 U.S.C. §185.

24.     The failure of F.C. to pay the contributions due for the months of November and December 2017, plus the $5,060.27 in interest due on late-paid contributions, and to submit remittance reports and dues violates the terms of the CBA.

**WHEREFORE**, Plaintiffs request this Court grant the following relief:

a.      Order the attachment of the machinery, inventory, bank accounts and accounts receivable of F.C.;

b.      Order F.C. to make available to the Plaintiff Funds or their duly authorized representative all of its payroll records, including, but not limited to, file copies of contribution reports, payroll tax returns, employees' earning records and hours worked, weekly payroll registers, certified payrolls, cash disbursement journals and a complete listing of all job locations from its last audited date until the date of the Court's order for the purpose of ascertaining the amounts, if any, of unpaid contributions owed for that period;

c.      Enter a preliminary and permanent injunction enjoining F.C. from refusing or failing to permit the Plaintiff Funds to audit the payroll records as prayed for in the preceding paragraph;

d.      Enter a preliminary and permanent injunction enjoining F.C. from refusing or failing to pay contributions and interest owed to the Funds;

e.      Enter judgment in favor of the Funds on Count I in the amount of all contributions due for the months of November and December 2017, plus any additional amounts determined by the Court to be owed to the Funds or which may become due during the pendency of this action, together with interest on the unpaid contributions at 10 percent per annum, liquidated damages in an amount equal to 20 percent of the total of unpaid contributions or the total interest

owed, whichever is greater, reasonable attorneys' fees, and costs, all pursuant to 29 U.S.C.

§1132(g)(2);

      f.     Enter judgment in favor of the Funds on Count II for the amount of any unpaid

contributions and dues for November and December 2017, plus $5,060.27 in interest on late-paid

contributions, and any additional amounts determined by the Court to be owed to the Funds or

which may become due during the pendency of this action; and

      g.     Such further and other relief as this Court may deem appropriate.

> Respectfully submitted,
>
> LOUIS A. MANDARINI, III, as he is
> EXECUTIVE DIRECTOR,
> MASSACHUSETTS LABORERS'
> HEALTH AND WELFARE FUND, *et al.*,
>
> By their attorneys,
>
> /s/ Anne R. Sills
> Anne R. Sills, Esquire
> BBO #546576
> Sasha N. Gillin, Esquire
> BBO #690769
> Segal Roitman, LLP
> 33 Harrison Avenue, 7th Floor
> Boston, MA  02111
> (617) 742-0208, Ext. 232

Dated: February _7_ , 2018

## VERIFICATION

    I, Louis A. Mandarini, III, Executive Director for the Massachusetts Laborers' Health and Welfare, Pension, and Annuity Funds, verify that I have read the above Verified Complaint, and the factual allegations set forth therein are true and accurate based on my personal knowledge, except for those allegations based on information and belief, and, as to those allegations, I believe them to be true.

    SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS _6_ DAY OF

FEBRUARY, 2018.

Louis A. Mandarini III
Louis A. Mandarini, III

ARS/ars&ts 6306 17-052/complt.doc

7